## Richmond

JOSEPH NEHR, PETITIONER V. HONORABLE MARSHALL R. PETERSON, JUDGE OF THE CIRCUIT COURT OF THE CITY OF HOPEWELL, THE CIRCUIT COURT OF THE CITY OF HOPEWELL AND REEDUS WILKER-SON, RESPONDENTS.

February 26, 1934.

The opinion states the case.

*James E. Cuddihy* and *Kirk L. Woody*, for the petitioner.

*J. J. Temple, David A. Harrison, Jr.,* and *Archer L. Jones,* for the respondents.

PER CURIAM.

This day came the petitioner, by counsel, and moved the court for a writ of prohibition, to the Honorable Marshall R. Peterson, judge of the circuit court of the city

of Hopewell, the circuit court of the city of Hopewell and Reedus Wilkerson, directed, prohibiting the said Honorable Marshall R. Peterson, judge of the circuit court of the city of Hopewell, as aforesaid, from holding a certain action at law, instituted by Reedus Wilkerson against said petitioner in the corporation court of the city of Hopewell, before him to prohibit the said circuit court of the city of Hopewell and the said Reedus Wilkerson from further proceeding in the premises and thereupon came the said respondents, by counsel, and filed their demurrer and answer to said motion; and the case was thereupon fully heard upon the petition, the exhibits therewith, the demurrer and answer of the respondents and arguments of counsel; and the court having maturely considered the said petition, exhibits, demurrer and answer and arguments of counsel, is of opinion that the act of the General Assembly of Virginia approved January 30, 1934, entitled "an act to abolish the corporation court of the city of Hopewell, to provide for the transfer of all causes, actions and proceedings now pending in the said court and all records of the said court to the circuit court of the city of Hopewell, to vest in the said circuit court all jurisdictions now vested in the said corporation court, to abolish the office of clerk of the said corporation court, and provide that the clerk of said court shall be clerk of the circuit court of the city of Hopewell; and to repeal all acts and parts of acts in conflict with this act," is constitutional and valid. It is therefore considered that the said petition be dismissed and that the respondents recover of the petitioner their costs by them expended about their defense herein.